IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STACEY W. BRACKENS and DANA E. BRACKENS, | § § § | |
| v. | § § | A-06-CA-532 LY |
| BIG LOTS, INC. | § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant's 12(b)(6) Motion to Dismiss for Failure to State a Claim (Clerk's Doc. No. 9) and its Brief in Support of its 12(b)(6) Motion to Dismiss for Failure to State a Claim (Clerk's Doc. No. 10).

## I.  BACKGROUND

The facts surrounding this case are relatively simple. Stacey Brackens, an African-American male, and his wife Dana, a white female, went to Big Lots and attempted to pay for their items – $33.78 worth – with a personal check. After running the check through a check authorization machine, calling another employee on the phone, and providing Mr. Brackens' personal information – e.g., date of birth, picture identification, and, he claims, his race – the cashier informed the Brackens that their check was denied. Mr. Brackens then tore up his check, told the manager that he would not frequent Big Lots stores again. However, before he left he paid for his goods with his Visa debit card allegedly drawing on the same checking account.

Plaintiff filed suit against Big Lots alleging violation of "<u>Race Discrimination</u>, (Title VII")  [*sic*], 42 U.S.C. 2000e, et seg [*sic*] AND U.S.C. 1391 . . . <u>Unprofessional Conduct, Causing Public Humiliation</u>."

## II.   ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), "a claim will not be dismissed unless the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395 (5th Cir. 2005).  "A district court cannot dismiss a complaint for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief.'" *United States ex rel. Bain  v. Georgia Gulf Corp.*, 386 F.3d 648, 653-54 (5th Cir. 2004).  The complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true.  *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003).

Big Lots first argues that because Title VII is aimed at employment discrimination (coupled with the crucial fact that neither  Mr. Brackens nor his wife are employees of Big Lots) it is not an appropriate legal vehicle for the Brackens' claims.  Big Lots is of course quite correct.  "Only 'employers' as defined in Title VII are prohibited from discriminating against individuals with respect to their "compensation, terms, conditions, or privileges of employment." *Smith v. Amedisys*, 289 F.3d 434, 442 (5th Cir. 2002); 42 U.S.C. § 2000e-2(a)(1).  Because Big Lots clearly does not employ either Mr. or Mrs. Brackens as defined by Title VII – or, for that matter, in *any* sense of the word – the Court recommends that this claim be dismissed.

Big Lots next argues that even if the Court, generously construing the Brackens' complaint, decided that they meant to plead a cause of action under 42 U.S.C. §§ 1981 or 1982, this claim must fail as a matter of law also.

To establish a deprivation of § 1981 rights in the retail context, the plaintiff must demonstrate "the loss of an actual, not speculative or prospective, contract interest." *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003). An allegation of "the mere possibility that a retail merchant would interfere with a customer's right to contract in the future" is insufficient to support recovery under § 1981. *Id*. Instead, the plaintiff "must offer evidence of some tangible attempt to contract" that in some way was "thwarted" by the defendant. *Id*. As Big Lots correctly points out, the Brackens were not "thwarted." Instead they were allowed to pay with an alternate form of payment. Therefore, this claim should be dismissed. *See id.* at 358-59 (holding that the customer must have been actually prevented and not merely deterred from making purchase).

The § 1982 claim would meet a similar fate if the Complaint was so construed; this portion of the federal civil rights statutes prohibits discrimination in the sale of property. *Shaikh v. City of Chicago*, 341 F.3d 627, 629 (5th Cir. 2003). In order to bring an action under § 1982, a plaintiff must allege with specificity facts sufficient to show or raise a plausible inference of (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his rights because of race. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001); *see also Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 616-17. The Brackens would utterly fail to carry their burden under this claim. Big Lots accepted their payment – albeit in different form that it could verify on the basis of the transaction's approval – therefore there exists no violation of his federal civil rights.

Defendants' final argument is that Title II of the Civil Rights Act of 1964, which bars discrimination in places of public accommodation, is the only other plausible option to the Brackens and that claim would similarly fail. 42 U.S.C. § 2000a. The statutory framework of Title II is such that retail stores, in and of themselves, are specifically not included under Title II. 42 U.S.C. § 2000a(b). A federal district court in Utah analyzed it this way:

> It is clear that Congress did not intend for retail establishments . . . to be included in § 2000a. Section 2000a(b)(2) lists cafeterias, lunchrooms, etc. as establishments which are considered as "places of public accommodation". This subsection goes on to include any facility (e.g., restaurants) " . . . located on the premises of any retail establishment. . . ." The clear implication of this provision is that Congress did not intend to include retail establishments – thus the need to make clear that restaurant type facilities within a retail establishment were covered under 42 U.S.C. § 2000a(b)(2). If retail establishments were also intended to be covered, there would be no need for this provision.

*Priddy v. Shopko Corp.*, 918 F. Supp. 358, 359 (D. Utah 1995). *See also Newman v. Piggie Park Enterprises*, 377 F.2d 433, 436 (4th Cir. 1967) (noting that "[r]etail stores, food markets, and the like were excluded from the Act for the policy reason that there was little, if any, discrimination in the operation of them," quoting the 110 Cong. Rec. 6533 (1954) (remarks of Senator Humphrey)); *McCrea v. Saks, Inc.*, 2000 WL 1912726, *2 (E.D. Pa. December 22, 2000) (holding that retail establishments are excluded from Title II based on the ordinary meaning of the statute's words and the exclusionary language in § 2000a(b)(2)); *Gigliotti v. Wawa Inc.*, 2000 WL 133755, *2 (E.D. Pa. 2000) (granting defendant retail store's motion to dismiss a Title II claim). Big Lots, a retail store that is not "principally engaged in selling food for consumption on premises" 42 U.S.C.

§2000a(b)(2), is not covered by Title II. Given this, even if the Court were to liberally construe the Brackens' claim as one under Title II, it would fail.[1]

Finally, as noted in a previous Report and Recommendation adopted by the District Court, *see* Order Adopting Report and Recommendation, *Brackens v. Tex. Health and Human Service Comm et al*, No. A-06-CV-00682-LY (Dec. 4, 2006), Plaintiff has filed eight pro se suits in this district over the past eleven months. The District Court included within its Order a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits – such as the present one – may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to FED. R. CIV. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions. While this suit was filed before the District Court adopted this Court's Report and Recommendation, this Court recommends that the District Court reiterate to Plaintiff the warning of further filing of frivolous lawsuits.

### III. RECOMMENDATION

Based on the above, the Magistrate Court **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint for failure to state a claim on which relief maybe granted, and reiterate its warning to Plaintiff about filing lawsuits that are utterly frivolous.

---

[1] Plaintiff's response argues that this Court must liberally construe his pleading. While that is surely true, and the Court has done so, it certainly "appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Georgia Gulf Corp.*, 386 F.3d at 653-54. The colloquial aphorism that "You can't make a silk purse out of a sow's ear" is, insofar as the Brackens' lawsuit is concerned, apt.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 24th day of January, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE